IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| BARCLIFF, LLC, dba Radcliff/Economy Marine Services, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )   CASE NO. _____ |
| M/V DEEP BLUE, IMO NO. 9215359, her engines, apparel, furniture, equipment, appurtenances, tackle, etc., *in rem*, | )   Filed under Rule 9(h) Fed. R. Civ. P.<br>)<br>)   (ADMIRALTY) |
| Defendant. | )<br>) |

## VERIFIED COMPLAINT

NOW COMES Plaintiff, BARCLIFF, LLC, and against the M/V DEEP BLUE, IMO No. 9215359, her engines, apparel, furniture, equipment, appurtenances, tackle, etc., complains *in rem*, and alleges and pleads as follows:

### JURISDICTION AND VENUE

1. Subject matter jurisdiction of this Honorable Court is based upon 28 U.S.C. §1333 and the Commercial Instruments and Maritime Lien Act, 46 U.S.C. §§31301-31343.

2. This is a case of admiralty and maritime jurisdiction as hereinafter more fully appears, and is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Plaintiff invokes the maritime procedures and special relief provided in Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure for the arrest of the M/V DEEP BLUE.

3. Jurisdiction is founded on the presence within this District of the M/V DEEP BLUE, which may be arrested and attached in accordance with the provisions of Rule C, as pled below.

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b).

## PARTIES

5. At all times material hereto, BARCLIFF, LLC, dba Radcliff/Economy Marine Services (hereinafter "Barcliff" or "Plaintiff") was and remains an Alabama Limited Liability Company, with its principal place of business in Mobile County, Alabama.

6. Defendant M/V DEEP BLUE (hereinafter "DEEP BLUE" or "the Vessel"), IMO NO. 9215359, her engines, apparel, furniture, equipment, appurtenances, tackle, etc., is registered under the laws of the Commonwealth of The Bahamas, and is and will be within the jurisdiction of the United States and this Honorable Court during the pendency of this action.

## FACTS

7. Barcliff brings this action in order to recover amounts indisputably due and owing to it under a maritime contract for the supply of bunkers (fuel) to the Vessel.

8. On or about October 23, 2014, an entity named O.W. Bunker USA, Inc. (hereinafter "O.W. Bunker"), which was acting as agent for the DEEP BLUE, contracted with Barcliff to supply 850 metric tons of bunker fuel to the Vessel. A copy of the Purchase Order Confirmation is attached hereto as **Exhibit A**.

9. The Purchase Order required payment for the bunkers within 30 calendar days of delivery. *Id.*

10. In accordance with the Purchase Order, Barcliff delivered bunkers to the Vessel on or about November 1, 2014, while the Vessel was at the berth of Technip in the Theodore

Industrial Port, in the County of Mobile, Alabama. For the delivery, a Bunker Certificate was signed by the Vessel's Chief Engineer and stamped with the Seal of the Vessel. A copy of the executed Bunker Certificate and its Standard Conditions of Sale is attached hereto as **Exhibit B**.

11. On November 1, 2014, Barcliff issued invoice #204152 to O.W. Bunkers for the delivery in the principal amount of USD $699,550.00. A copy of the Invoice and its Standard Conditions of Sale is attached as **Exhibit C**.

12. Under the 30-day payment term of the Purchase Order and the terms of Barcliff's invoice, the payment deadline for the delivery was December 1, 2014. As of the date of filing this Complaint, Barcliff has not received any payment. Consequently, the Vessel and its agent are in breach of the Sales Agreement.

13. By signing the Bunker Certificate, the Vessel's officers and representatives acted on behalf of the Vessel, her Owner and/or Operator to procure bunkers, and thereby accepted the bunkers on behalf of, *inter alia*, the Vessel in compliance with the Commercial Instruments and Maritime Lien Act, 46 U.S.C.§§31301-31343.

14. The bunkers delivered to the Vessel were necessary to the accomplishment of her mission, to wit: commercial trade as a pipe laying ship. The Vessel's representatives at the time of the bunker deliveries discussed herein were authorized to order necessaries for the account and on the credit of the Vessel.

15. The Vessel has received the benefit of the aforementioned bunker deliveries and is indebted to Barcliff and obligated to pay for the aforementioned goods and services.

16. Barcliff performed all conditions precedent to warrant full and complete payment for the aforementioned services.

17. As a result of the foregoing, Barcliff possesses a maritime lien on the Vessel for the provision of necessaries, *i.e.* bunker fuel, enforceable in admiralty in accordance with the provisions of Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims.

18. Additionally, Clause 6 of Barcliff's general Standard Conditions of Sale (Exhibit B and C), provides that "Buyer will pay all of Seller's costs (including reasonable attorney's fees and court costs of collecting past due payments and late payment charges." To date, Barcliff has incurred and continues to incur legal fees. Barcliff will supplement at a later date with a full accounting of its legal fees for this matter.

19. Payment of all sums has been duly demanded by Barcliff from the Vessel and its Owners. However, to date, the Vessel has failed or otherwise refused to pay the outstanding aggregate sum of USD $699,550.00 plus interest and fees, which is indisputably due and owing to Barcliff for the bunkers delivered to the Vessel.

## ALLEGATIONS IN SUPPORT OF VESSEL ARREST

20. Plaintiff repeats and re-alleges each and every allegation contained hereinabove as it set out herein.

21. As a result of the Vessel's failure to pay the amounts owed to Barcliff for the bunkers supplied to the Vessel, under the terms of the agreements, Barcliff's claim for the amount of USD $699,550.00, plus interest and fees, attaches a maritime lien on the Vessel in favor of Barcliff and is enforceable by this suit *in rem*.

22. Accordingly, Barcliff seeks to enforce its maritime lien, pursuant to Rule C of the Supplemental Admiralty Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions.

WHEREFORE, PREMISES CONSIDERED, Barcliff prays as follows:

A.     That process in due form of law, according to the practice of this Honorable Court in cases of admiralty and maritime jurisdiction, issue against the DEEP BLUE, citing it to appear and answer under oath all, and singular, the matters alleged in the Verified Complaint;

B.     That a warrant for the arrest of the DEEP BLUE be issued and that the Vessel be seized by the U.S. Marshal to be held as security against any judgment to be entered herein against the DEEP BLUE, engines, apparel, furniture, equipment, appurtenances, tackle, etc., *in rem*.

C.     That after due proceedings, judgment be entered in favor of Barcliff and against the DEEP BLUE, engines, apparel, furniture, equipment, appurtenances, tackle, etc., *in rem*, for the amount of USD $699,550.00 as well as for contractual pre-judgment interest, post-judgment interest, costs, available attorney's fees, if any, and disbursements for this action;

D.     That the DEEP BLUE, engines, apparel, furniture, equipment, appurtenances, tackle, etc., after her arrest be condemned and sold, free and clear of all liens and encumbrances, to satisfy the judgment, and that the Court award Barcliff out of the proceeds of the said sale, the full amount of its claim, together with interest, costs, and attorney's fees; and,

E.     That the Court grant Barcliff such other and further relief as may be just, equitable, and proper.

Respectfully submitted,

*/s/ Gilbert L. Fontenot*
GILBERT L. FONTENOT (FONTG6641)
MAPLES & FONTENOT, LLP
Attorneys for the Plaintiff Barcliff
Post Office Box 1281
Mobile, Alabama 36633
(251) 445-2083
gus@maplesfontenot.com

## VERIFICATION OF COMPLAINT

Pursuant to 28 U.S.C. §1746, Steve Gordon declares under the penalty of perjury:

"1.     I am General Manager at Barcliff, LLC, which is the Plaintiff in the above captioned bunker contract dispute.

2.     I have read the foregoing Verified Complaint and know the contents thereof.

3.     The matters asserted in paragraphs five (5) through twenty-two (22) of the Verified Complaint are true to the best of my personal knowledge, information, and belief.

4.     The documents attached to the foregoing Verified Complaint as Exhibits A-C are true and correct copies of records maintained by Barcliff.

I declare under penalty of perjury that the foregoing is true and correct."

Dated: 12/18/14

_____
STEVE GORDON

Sworn to and subscribed before me on
this the 18 of December, 2014.

_____
Notary Public
My Commission Expires:_____

MY COMMISSION EXPIRES JUNE 24, 2015